FILED05 MAR '12 1256USDC·ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRY L. WILLFORD,

      Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

Civil No. 10-CV-1494-AA

OPINION AND ORDER

James S. Coon
Swanson Thomas & Coon
820 SW 2nd Avenue, Suite 200
Portland, OR 97204

    Attorney for Plaintiff

Lisa Goldoftas
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900
Seattle, WA 98104

PAGE 1 - OPINION AND ORDER

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

 Attorneys for Defendant

AIKEN, Chief Judge:

 Plaintiff, Sherry L. Willford ("Plaintiff"), brings this

action pursuant to the Social Security Act (the "Act"), 42 U.S.C.

§ 405(g) and 42 U.S.C. § 1383(c), to obtain judicial review of

the final decision of the Commissioner of Social Security (the

"Commissioner"). The Commissioner found Plaintiff not disabled

and denied her applications for Title II Disability Insurance

Benefits ("DIB") and Title XVI Supplemental Security Income

("SSI"), 42 U.S.C. §§ 401-33, 1381-83(f). For the reasons set

forth below, the Commissioner's decision is AFFIRMED.

## PROCEDURAL BACKGROUND

 On October 18, 2006, Plaintiff protectively filed for Title

II DIB and Title XVI SSI, alleging a disability onset date of

January 1, 2006. Tr. 12, 14, 32. Plaintiff's applications were

denied, and she requested a hearing before an administrative law

judge ("ALJ") of the Social Security Administration ("SSA"). Tr.

12. A hearing was held on November 6, 2009, before ALJ Steve

Lynch, who found Plaintiff not disabled. Tr. 20. Plaintiff

requested a review of the ALJ's decision, but the Appeals Council

PAGE 2 - OPINION AND ORDER

denied Plaintiff's request on October 18, 2010, in turn making it
the final decision of the Commissioner. See 20 C.F.R. §§
404.981, 422.210. This appeal followed.

## FACTUAL BACKGROUND

The parties are familiar with the medical evidence and other
evidence of the record. Therefore, the evidence will not be
repeated here except as necessary to explain my decision.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if he is unable to "engage in any
substantial gainful activity by reason of any medically
determinable physical or mental impairment which . . . has lasted
or can be expected to last for a continuous period of not less
than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims
are evaluated according to a five-step procedure. See Valentine
v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009).
The claimant bears the ultimate burden of proving disability.
Id.

In the first step, the Commissioner determines whether a
claimant is engaged in "substantial gainful activity." If so,
the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137,
140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two,
the Commissioner determines whether the claimant has a "medically
severe impairment or combination of impairments." Yuckert, 482

PAGE 3 - OPINION AND ORDER

U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If
not, the claimant is not disabled.

In step three, the Commissioner determines whether the
impairment meets or equals "one of a number of listed impairments
that the [Commissioner] acknowledges are so severe as to preclude
substantial gainful activity." Yuckert, 482 U.S. at 141; see 20
C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is
conclusively presumed disabled; if not, the Commissioner proceeds
to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the
claimant, despite any impairment(s), has the residual functional
capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§
404.1520(e), 416.920(e). If so, the claimant is not disabled.
If the claimant cannot perform past relevant work, the burden
shifts to the Commissioner.

In step five, the Commissioner must establish that the
claimant can perform other work. Yuckert, 482 U.S. at 141-42;
see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the
Commissioner meets his burden and proves that the claimant is
able to perform other work which exists in the national economy,
the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.
/ / /

PAGE 4 - OPINION AND ORDER

## THE ALJ'S DECISION

At step one of the sequential proceedings, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, January 1, 2006.  Tr. 14, Finding 2.  At step two, the ALJ found Plaintiff "has the following severe impairments: cervical and lumbar degenerative disc disease, depression, and generalized anxiety disorder." Id., Finding 3.

At step three, the ALJ found Plaintiff's impairments did not meet or equal the requirements of a listed impairment pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 15, Finding 4.

At step four, the ALJ found Plaintiff was not able to perform past relevant work.  Tr. 18, Finding 6.  At step five, the ALJ found Plaintiff was not disabled because she could perform the occupations of a "small products assembler and packager/sorter."  Tr. 19, Finding 10.

## STANDARD OF REVIEW

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

PAGE 5 - OPINION AND ORDER

Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation
omitted). The record as a whole, including both the evidence
that supports and detracts from the Commissioner's conclusion,
must be considered and weighed. See Howard v. Heckler, 782 F.2d
1484, 1487 (9th Cir. 1986). "Where the evidence as a whole can
support either a grant or a denial, [a court] may not substitute
[its] judgment for the ALJ's." Massachi v. Astrue, 486 F.3d
1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to
establish disability. Howard, 782 F.2d at 1486. To meet this
burden, the claimant must demonstrate an "inability to engage in
any substantial gainful activity by reason of any medically
determinable physical or mental impairment which can be expected
. . . to last for a continuous period of not less than 12 months.
. . ." 42 U.S.C. § 423(d)(1)(A).

## DISCUSSION

Plaintiff makes the following assignments of error by the
ALJ: (1) the ALJ erred in finding Plaintiff's testimony not
credible to the extent it was inconsistent with the ALJ's RFC
assessment; (2) the ALJ failed to include in his hypothetical
question to the Vocational Expert ("VE") Plaintiff's testimony
that she needs to change from a sitting to standing position
every fifteen minutes; and (3) the ALJ failed to include in his

PAGE 6 - OPINION AND ORDER

hypothetical question that Plaintiff is moderately limited in concentration, persistence or pace. Based on the alleged assignments of error, Plaintiff seeks an order reversing the Commissioner's decision and remanding for additional proceedings. Plaintiff's alleged assignments of error are addressed in turn.

## I. The ALJ's Credibility Finding

Plaintiff asserts the ALJ erred in finding Plaintiff not credible on the basis of his boilerplate language stating, "[T]he claimant's statements concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Tr. 16. Plaintiff attacks the ALJ's finding as "circular" on the basis that it reverses the manner in which an ALJ must consider a claimant's credibility, namely that the ALJ's RFC assessment itself must incorporate the ALJ's credibility determinations. She contends that on this basis alone, the ALJ's decision must be reversed. She also argues the ALJ failed to specifically identify the portions of Plaintiff's testimony he did not find credible. Plaintiff's arguments are not well-taken.

The ALJ must consider all symptoms and pain which "can reasonably be accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. § 416.929(a). Once a

PAGE 7 - OPINION AND ORDER

claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citations omitted). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citing Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. Id. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

PAGE 8 - OPINION AND ORDER

As Plaintiff correctly points out, the ALJ may not make a
negative credibility finding for the reason that the claimant's
alleged symptoms are inconsistent with his RFC assessment. E.g.,
Carlson v. Astrue, 682 F. Supp. 2d 1156, 1167 (D. Or. 2010);
Young v. Astrue, No. 09-23-AC, 2010 WL 331781, at *5 (D. Or.
2010). Such reasoning is circular because a claimant's RFC
assessment must itself address the claimant's credibility. Id.
In this instance, however, the ALJ articulated a number of other
reasons supporting his adverse credibility finding.

The ALJ determined Plaintiff was not credible, in part,
because she failed to follow through with her physical therapy
treatments. Tr. 16-17, 465-74. Failure to follow a prescribed
course of treatment is a legitimate factor an ALJ may consider
when weighing a claimant's credibility. Johnson v. Shalala, 60
F.3d 1428, 1434 (9th Cir. 1995); Tommasetti v. Astrue, 553 F.3d
1035, 1039-40 (9th Cir. 2008); Social Security Ruling ("SSR") 96-
7p, 1996 WL 374186, at *7. The record demonstrates that despite
Plaintiff's allegations of back pain, Plaintiff repeatedly
cancelled her physical therapy appointments or simply did not
show up for her appointments. Tr. 468-474. In fact, the record
shows Plaintiff failed to complete her physical therapy treatment
plan in August 2006. Tr. 474.

The ALJ also cited Plaintiff's failure to continue her methadone prescription two weeks after her treating physician, Peter Mahr, M.D., established a methadone treatment plan. Tr. 17, 396, 407. The record shows that just two weeks after Dr. Mahr had prescribed methadone for Plaintiff's back pain, Plaintiff stopped taking her methadone prescriptions. Tr. 396, 407. Plaintiff makes no argument to the contrary and proffers no explanation for her failure to comply with Dr. Mahr's treatment plan or failure to follow through with her physical therapy sessions.

When making his adverse credibility determination, the ALJ also noted that Plaintiff exhibited exaggerated pain responses, failed to report her marijuana use to Plaintiff's reviewing psychologist, A. Michael Leland, Psy.D., CRC, and testified that she cared for her mother. Tr. 17, 33, 41, 396, 400. Evidence of exaggeration and contradictory statements regarding non-prescribed drug use, and daily activities inconsistent with Plaintiff's allegations of debilitating symptoms are legitimate credibility factors the ALJ may consider. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); Tonapetyan v. Halter, 242 F .3d 1144, 1148 (9th Cir. 2001); Smolen, 80 F.3d at 1284; Carmickle v. Comm'r, 533 F.3d 1155, 1162 (9th Cir. 2008); Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005).

PAGE 10 - OPINION AND ORDER

A review of the record supports the ALJ's reasoning.  The record demonstrates Dr. Mahr documented in January 2008 that Plaintiff showed "signs of exaggerated pain response."  Tr. 400. The record also demonstrates Plaintiff admitted to Dr. Mahr on January 29, 2008, that she used marijuana, but told Dr. Leland on April 29, 2008, that she "ha[d] not used any drugs in 'many, many years'" and that she "ha[d] been clean and sober from drugs for 5-10 years."  Tr. 396, 406-07, 412.  In addition, despite Plaintiff's allegations of disabling pain, she testified that she cared for her mother and performed household tasks.  Tr. 41.

The ALJ articulated "clear and convincing" reasons supported by substantial evidence and considered appropriate factors when making his credibility determination.  Notably, Plaintiff asserts in her reply brief that because the ALJ's credibility finding was based on improper circular reasoning, it is inconsequential that the ALJ gave other reasons supporting his adverse credibility finding.  Plaintiff cites no authority supporting her proposition.  More important, contrary to Plaintiff's contention, a court may affirm an ALJ's overall credibility conclusion even when not all of the ALJ's reasons are upheld.  E.g., Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004).

This Court is not persuaded by Plaintiff's arguments.    Based on the reasons above, the ALJ's adverse credibility finding is affirmed.

## II. The ALJ's RFC Assessment and Vocational Hypothetical

Plaintiff contends the ALJ's RFC determination and hypothetical to the VE failed to include all of her limitations.   I disagree.

Hypothetical questions posed to a VE must "reflect all the claimant's limitations."   DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991) (citation omitted).   If the hypothetical does not contain all of the claimant's limitations, the VE's testimony "has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."   Id.   An ALJ "is not required to include limitations in an RFC he found neither credible nor supported by the record."   Garcia v. Astrue, No. CV-08-1422-CL, 2010 WL 2730952, at *12 (D. Or. 2010) (citing Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005)).

Here, the ALJ found Plaintiff had the RFC "to perform light work," "stand and walk 4 hours out of an 8-hour day," "sit 4 hours out of an 8-hour day," climb, stoop, bend, and crouch occasionally, and perform "simple, repetitive tasks with no interaction with the public."   Tr. 16, 46.   The ALJ's hypothetical to the VE specifically stated the "hypothetical

individual" was "restricted to . . . simple, repetitive tasks and no interaction with the public." Tr. 46.

Plaintiff contends the ALJ erred by failing to include in in his RFC determination her testimony that she must change between standing and sitting every fifteen minutes. A review of the record shows that Plaintiff testified that because of her back pain, she needs to change between standing and sitting approximately every fifteen minutes. Tr. 35-36. As discussed above, however, the ALJ provided clear and convincing reasons supported by substantial evidence for discrediting Plaintiff's pain testimony. Accordingly, the ALJ was not required to incorporate limitations he concluded were not entirely credible, including Plaintiff's testimony that her back pain required her to alternate between standing and sitting every fifteen minutes.

Plaintiff also asserts the ALJ improperly excluded from his RFC assessment and vocational hypothetical his step three finding that Plaintiff has moderate difficulties in concentration, persistence, or pace. Although Plaintiff failed to cite any portion of the record demonstrating she is moderately limited in concentration, persistence, or pace in her opening brief, she specifically argues in her reply brief that a report by the Disability Determination Services ("DDS") indicates she is moderately limited in maintaining

PAGE 13 - OPINION AND ORDER

concentration, persistence, or pace.  Reply, p. 5.

Plaintiff's argument is unavailing.

Here, the ALJ explicitly noted the limitations concerning

Plaintiff's "concentration, persistence or pace" at step three

was "not a residual functional capacity assessment."  Tr. 15.  He

articulated that the "mental residual functional capacity

assessment used at steps 4 and 5 of the sequential evaluation . .

. require[d] a more detailed assessment by itemizing various

functions contained in the broad categories found in paragraph B

of the adult mental disorders listings in 12.00 of the Listing of

Impairments (SSR 96-8p)."  Id.  The ALJ's statements are

consistent with the language of SSR 96-8p, which provides in

nearly identical language:

> The adjudicator must remember that the limitations
> identified in the "paragraph B" and "paragraph C"
> criteria are not an RFC assessment but are used to rate
> the severity of mental impairment(s) at steps 2 and 3
> of the sequential evaluation process.  The mental RFC
> assessment used at steps 4 and 5 of the sequential
> evaluation process requires a more detailed assessment
> by itemizing various functions contained in the broad
> categories found in paragraphs B and C of the adult
> mental disorders listings in 12.00 of the Listing of
> Impairments . . . .

SSR 96-8p, 1996 WL 374184 at *4; see also Pittman v. Astrue,

No. CV-09-1498-HU, 2011 WL 761491, at *5 (D. Or. 2011) (the

ALJ's RFC determination is "based on itemized findings

PAGE 14 - OPINION AND ORDER

requiring a more detailed analysis of the [claimant's] actual functional limitations").

     As required by the SSR, the ALJ engaged in a more detailed assessment of Plaintiff's functional limitations when determining Plaintiff's RFC than when making his step three findings. SSR 96-8p, 1996 WL 374184 at *4. When determining Plaintiff's RFC assessment, the ALJ relied on the April 2008 opinion of Dr. Leland stating Plaintiff "exhibited fair attention, concentration and mental tracking." Tr. 17. He also cited Dr. Leland's observations that Plaintiff was able to get "back on track" with only minor difficulties after lapsing in concentration, that Plaintiff's speech "was well organized and memory was intact," and that her "thought processes were logical and linear." Tr. 17, 410-12.

     This Court recognizes that the DDS noted Plaintiff is moderately limited in maintaining concentration, persistence, or pace. Tr. 432. That assessment, however, was made in the context of determining whether Plaintiff met the criteria of Listings 12.04, 12.06, and 12.09-a step three determination, not a step four or step five determination. Id. Indeed, when assessing Plaintiff's RFC, the DDS determined Plaintiff was only moderately limited in

her "ability to understand and remember detailed
instructions" and in her "ability to carry out detailed
instructions." R. a 436. The DDS ultimately concluded
Plaintiff is "unable to understand, remember and carry out
detailed tasks and instructions on a sustained basis" and
therefore, was "limited to simple, routine
directions/tasks." Tr. 438. The DDS also concluded that
Plaintiff is unable to appropriately "interact with the
general public." Id. The ALJ specifically included these
limitations in his hypothetical to the VE, stating the
"hypothetical individual" was "restricted to . . . simple,
repetitive tasks and no interaction with the public." Tr.
46.

The ALJ performed a thorough assessment of Plaintiff's
RFC. See SSR 96-8p, 1996 WL 374184 at *4. The ALJ's RFC
determination and vocational hypothetical in this instance
were proper.

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the ALJ's decision that Plaintiff was not disabled and is not entitled to DIB or SSI was based on correct legal standards and supported by substantial evidence. The Commissioner's decision is AFFIRMED, and this case is dismissed.

IT IS SO ORDERED.

Dated this 5th day of March, 2012.

Ann Aiken
United States District Judge

PAGE 17 - OPINION AND ORDER